Thacher, J.
(after stating the case.) This writ of error is brought to reverse the judgment of the Court of Common Pleas, and to establish the judgment of the justice.
As to the first error assigned. ' The process on the militia law is, in all respects, independent of, and disconnected with the statute describing the general powers of justices of the peace in civil actions. * That statute prescribes a particular [ * 452 ] mode of proceeding in. order to bring such actions before them, and allows an appeal in all cases where the parties have appeared and pleaded. Had the militia law, in general terms, given a right of action to the clerk for the recovery of fines from delinquents, by a prosecution before a justice of the peace, and been silent as to an appeal, then, perhaps, the party, complying with the necessary requisites, would have been entitled to an appeal by virtue of the first-mentioned statute. But that is not this case. The militia law prescribes a special mode of proceeding; it stands by itself; has no connection with the former statute; no appeal is given by it; and therefore it cannot be claimed by virtue of the general law. As to the right of trial by jury in this case, the constitutional right, I do not think it necessary to give an opinion ; because, admitting the right to exist, as contended for, this was not the mode to obtain it. The constitution has not secured the right of appeal in any case; that is left wholly to the legislature. The constitution has not undertaken to detail, or even to specify, the mode in which parties are to have the trial by jury; that also is left to the legislature. I think the party might have had a trial by jury, but not in the method by which he attempted it. The second law, that which took away the appeal, I consider as wholly inoperative. It, in fact, took away nothing; because the first law gave no appeal. I am clearly of opinion that the justice did right in refusing it, and that he could not legally do otherwise. But even admitting that the defendant had the right of appeal, yet it does not appear in this case, that he complied with the necessary requisites; it does not appear that he offered to recognize; that any sureties were *338 offered, or that he tendered the fees; the want of these requisites was sufficient to take away his right, if he had one. It [ * 453 ] *is undoubtedly true that where the right exists, and the party does all in his power, the court of appellate jurisdiction will sustain the appeal, notwithstanding the denial by the inferior court. This has frequently been done. But" for the reasons given I think that the second error in this case is well assigned. As to the third, which relates to the plea in abatement: The plea is founded on the idea that the statute has required the summons to be issued within sixty days from the time of the offence committed. I am clearly of a different opinion. It appears to me to be impossible to put that construction upon the clause without doing violence to the manifest intention of the legislature as well as the very words of the statute. The act provides that “ the clerk of the company to which the offender belongs, shall, after the expiration of eight days, and within sixty days after the offence shall have been committed, make complaint thereof to some justice of the peace in the county where such offender shall live, who shall make record thereof, and shall issue a summons to the party complained of, to be served seven days at least before the time appointed for the trial, &c. The limitation relates only to the filing of the complaint; or, at most, beyond that, to the record of it. As to that, I give no opinion. The complainant has done all that he could do, all that the law required of him, to bring forward the prosecution. And therefore, had an appeal been allowed of right, and d-uly claimed, the plea in abatement was insufficient, and ought to have been so adjudged in the Court of Common Pleas. For all the reasons assigned for error, I am of opinion that the judgment of that court is erroneous, and ought to be reversed.
Sewall, J.
The first and principal question in this case is upon the right of appeal; and if this should be determined against [ * 454 ] the defendant, the * other question contested, of the regularity of the process, need not be decided. A right of appeal from the order of the justice of the peace is contended for against the letter of an act for regulating and governing the militia, and against the undoubted intention of the legislature therein ; this being a case of a judgment by a justice of the peace, upon a prosecution or complaint brought by the clerk of a company of infantry, which the militia law requires to be made and prosecuted oy such clerk; and the legislature have said that in such cases no appeal shall be allowed to either party.
The defendant insists upon his right of appeal, notwithstanding the statute mentioned, upon the ground of a right secured to every citizen of this state by the 15th article of the Bill of Rights, part of *339 the Constitution of Government. This article declares that “ in all controversies concerning property, and in all suits between two oi more persons, except in cases in which it has been otherwise used and practised, the parties have a right to a trial by a jury.” And the argument is, that a law, preventing an appeal from a judgment by a justice of the peace on a suit for a fine by the clerk of a militia company, as the party affected by the judgment is thereby prevented from a trial by a jury, is a violation of this article of the constitution, and therefore, in this particular, is void and ineffectual.
Whatever may be the construction or effect of this article of the constitution in ordinary cases, there is not in the present case any possible application of the article. This appeal was claimed against a judgment, or decision by the justice, before whom the proceedings certified to us were depending, upon the trial of an issue in law exclusively cognizable by the justice or justices of every court, without the intervention of a jury. * And at the [ * 455 ] time of this appeal claimed, no issue had been taken or tendered by the defendant suitable for the cognizance of a jury. The constitutional article relied on by the defendant has never been construed to make it the duty of a party to try his cause by a jury ; at the utmost it can only preserve the right to be exercised at the will of the party. If the statute may be considered as operative where there is no contravention of the article of the constitution, from which a right of appeal in certain cases is implied, the appeal claimed in this instance is effectually prevented by the statute; being in a case not provided for by this article of the constitution. And this construction may be the more readily adopted, as any party aggrieved by the decision of a justice of the peace, or of any other court, upon a matter of law arising and apparent upon the record or minutes of the court, has another and more specific remedy by writ of error or certiorari. The appeal claimed in this case from the decision of the justice was therefore justly refused ; and the proceedings in the Court of Common Pleas, in allowing and sustaining such appeal, must be determined to have been erroneous, and their judgment thereupon must be reversed.
Sedgwick, J.
In this case, several errors are assigned; but, in 'my opinion, it is necessary to take notice of the first only; which in substance declares that the Court of Common Pleas had no jurisdiction ; that it was not authorized to sustain the appeal, because none was given by law, but, on the contrary, the appeal which is given, in ordinary cases, from the judgments of justices to that court was, in this case, expressly taken away by the statute.
The opinions which I shall express, in considering the case, may, in some respects, be deemed extra-judicial, but as it has been *340 [ * 456 ] argued "at large, *and as the public interests are much involved in the points which have been discussed, it will not be deemed improper to extend my observations further than otherwise would be required. To decide the question, whether the Court of Common Pleas has an appellate jurisdiction as claimed and exercised by it, in this case, would decide the merits ; but I think it proper, and authorized by the occasion, to take a more extensive view of the subject; and to consider generally the proceedings before the justice.
The plea in abatement is, that a summons was not issued by the justice to the defendant, within sixty days next after the supposed neglect. The clerk cannot exhibit his complaint to the justice until eight days have elapsed after the cause of complaint has existed. This time, on the one hand, is given to the delinquent for explanation or accommodation, and, on the other, to prevent delay, it must be exhibit ed within sixty days. The right of the clerk is not limited to a less period than sixty days ; and his right therefore, to that purpose, extends to the utmost point of that time. Within these'Iimits, the eight days on the one hand, and the sixty days on the other, the complaint, in this case, was, confessedly, made. It was made, then, within the time limited by the statute; which, in my opinion, is a satisfactory answer to the objection. But had it been true that there was neglect on the part of the justice; had the complaint been made to him in season to have issued the summons within sixty days, and he had neglected to perform his duty, and had unreasonably delayed,—there is nothing in the act, and I perceive nothing in the nature of the thing, that should have thereby prejudiced the right of the plaintiff, which had attached in him by having made the complaint within the time limited. [*457] * The appeal from the judgment of the justice was claimed by the defendant, and sustained by the Court of Common Pleas, on the idea that it was a right secured to him by the 15th article of the Bill of Rights ; which declares that “ in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherwise used and practised, the parties have a right to trial by jury.” Now, it does not appear—no law is shown for that purpose— that before the forming of the constitution, a man qharged with a mere neglect of militia-duty, which is precisely this case, was entitled to a trial by jury ; but the fact is confidently believed to be directly contrary. There is, then, no foundation on which to rest the claim of an appeal. The defendant was not deprived of a trial by jury in a case where, before the constitution, it had been “ otherwise used and practised.” But even had the defendant been *341 entitled to a trial by jury, he would not thence have had a right to appeal to the Court of Common Pleas. No court of justice, in this commonwealth, has any jurisdiction, original or appellate, but such as is given to it either expressly or by necessary and inevitable implication. An appeal, in this case, is not given, but expressly denied. And I can hardly yet understand on what pretence an appeal could have been claimed. Supposing the defendant, by the constitution, entitled to a trial by jury, it by no means fellows that the trial must have been had at the Common Pleas through the intervention of an appeal. Again, let it be remembered that the Court of Common Pleas has the powers precisely given to it by the statute, and no other; and that, so far from having such power given as is claimed by the defendant, it is expressly denied.
Bartlett, for the plaintiff, moved for costs.
None allowed; the reversal being for error in law.
Had, indeed, the defendant been condemned by a single magistrate, in a case where he was, by the *con- [ *.458 ] stitution, entitled to a trial by a jury, he was not without remedy. This Court has expressly given to it, by law, all the powers of the courts of King’s Bench, Common Pleas, and Exche quer in England; and it will, as it is authorized to do, keep within legal and constitutional limits all inferior courts and magistrates. Had-the defendant, then, been injured, as he complained, his application ought to have been here, where ample jurisdiction is expressly given; and not to the Court of Common Pleas, where all jurisdiction, in this case, is as expressly denied. It appears from these observations that the Court of Common Pleas had no jurisdiction, and that therefore the first error assigned is decisive.
The general view which I have taken of the subject renders a particular attention to the several errors assigned unnecessary. On the whole, we are all of opinion that the judgment of the Court of Common Pleas must be reversed.

Judgment reversed. 
(1)

Note.—By the stat. 5 W. & M. c. 7, for regulating the militia (O. P. L. Book, p 38,) it appears, by the 8th article of the regulations therein contained, that a private, belonging to the militia, who neglected to attend on a muster-day, incurred a forfeiture of five shillings, and, by the 18th article, that the clerk might distrain therefor, ex officio. Afterwards, by the stat. 16 Geo. II. c. 3, (a temporary law, which was, however, continued in force till after the commencement of the American revolution ary war,) the clerk had his election to distrain for the forfeiture, or bring an action of debt, to recover the same, before a justice of the peace. This last-mentioned act is silent as to the right of appeal. But the stat. 9 W. III. c. 2, (O. P. L. Book, p. 70,) authorizing justices of the peace to hear, try, &c., actions of deot, &c.; not exceeding the value of forty shillings, gave the right of appeal, from their judgments, to the *342 inferior Court of Common Pleas, in al1 cases whatsoever. This act continued in force until the act of March 11, 3784, (stat. 1783, c. 42,) enlarging the jurisdiction of justices of the peace to debts, &e., not exceeding the value of four pounds ; nor has it ever been expressly repealed. By the act of 1778, which continued in force till after the adoption of the constitution, an action of debt was given to the clerks of companies in the militia, and an appeal allowed as in other actions. And it is unquestionable that by the act of 9 W. 111, an appeal lay from the judgments of justices of the peace rendered in actions brought upon the act of 16 Geo. II. above [ * 459 ] menti°ned. It may also be observed that* in those cases where the l 4. ** J clerk distrained for the forfeiture, the legality of the distress might always have been tried by an action of replevin. From what has been stated, it is, as I think, extremely clear, that there was no period of time previous to the adoption of the constitution, in which the party, who was supposed to have been guilty of a breach of any of the laws made for regulating the militia, had not, in some way or other, a right to have his case tried by a jury.
Since the constitution was adopted, the act of March 3, 1781, (stat. 1780, c. 21,) which repealed the former militia laws, gave an action of debt and allowed an appeal. The act of March 10, 1785, (stat. 1784, c. 55,) repealed all former laws upon this subject, gave the process by complaint, similar to that given by the now existing law, and allowed an appeal. The act of June 22,1793, (stat. 1793, c. 14,) the act now in force, repeals the former laws, and is silent as to an appeal. The additional act of Feb. 24, 1796, (stat. 1795, c. 54,) takes away the right of appeal, as mentioned in the forefroing case.

 See vol. iv. 171, Savage vs. Gulliver.—Ib. 239, Pratt v. Hall