## Cook & Sargent v. Dillon, et al.

| 9 | 407 |
|---|---|
| 94 | 666 |

1. JUDGMENT LIENS. Under the Code, judgments in the Supreme or District Courts of this State, attach as liens upon all interests, legal or equitable, of the judgment creditor in real estate. Code section 2485, and 26.

2. LIEN UPON THE INTEREST OF A GRANTOR IN A TRUST DEED. The grantor of real estate, by a deed of trust, retains, before sale the right to redeem, and upon which interest judgments rendered after the execution of the deed and before sale, attach as liens. After sale, this right to redeem is removed from the land, and is represented by the surplus in the hands of the trustee, against which such judgment liens are continued, and may be enforced in equity.

3. NOTICE TO TRUSTEE. A trustee is not liable to parties holding judgment liens upon the surplus remaining in his hands, if he pays it to the grantor before receiving notice of such liens.

4. SURPLUS IS PERSONAL PROPERTY. The surplus remaining in the hands of the trustee after discharging the debt, secured by the deed of trust, is personal property, liable to seizure in execution for the payment of the debts of the grantor.

5. PROCEEDINGS FOR THE APPLICATION OF THE SURPLUS. If the jurisdiction of a court of equity attaches for the purpose of enforcing a judgment lien, against surplus remaining in the hands of a trustee, it will not be ousted by a subsequent proceeding, by garnishment, against the trustee. Neither will a levy of an execution on the surplus, by a garnishment of the trustee, be discharged by proceedings subsequently instituted in chancery, to enforce the lien.

6. TRUSTEE'S SALE. A trustee may refuse to execute a deed before the entire amount of the purchase money is paid; and a purchaser who is also a judgment creditor of the grantor, cannot offset his judgment against the purchase money, or any part thereof.

7. VIGILANCE: PRIORITY. As between judgment creditors, whose judgments are of the same date, the one who first takes steps to enforce his judgment against property, either real or personal, acquires a priority as to such property.

*Appeal from Scott District Court.*

SATURDAY, OCTOBER 22.

ON the 2d April, 1857, Alexander H. Barrow, to secure the payment of several promissory notes made by him, executed and delivered to John F. Dillon, a deed of trust, conveying to said Dillon, as trustee, a tract of land in Scott county; and authorizing said Dillon, in case of non-payment of said notes, or either of them, to sell said land, and from the proceeds of the sale, to pay the said notes, with the costs and expenses of sale, &c.

One of said notes, being for $1090.00, not being paid when due, the said trustee on the 31st December, 1858, having given due notice of the sale by advertisement, sold the land to the complainants for the sum of $2200; being an amount greater by the sum of $1057.75 than was required to discharge the notes mentioned in the deed of trust.

On the 19th November, 1858, certain judgments were rendered in the District Court of Scott county, against the firm of Chubb Bro., Barrow & Co., of which firm Alexander H. Barrow was a member, as follows:—In favor of the complainants, Cook & Sargent, for *nine thousand dollars;* in favor of the defendant, Spier Whittaker, for *nineteen hundred and sixty-three dollars;* in favor of the defendant, Asa Biggs, for the sum of *nine hundred and fifty-siven dollars.*

On the 2d December, 1858, execution was issued on the judgment in favor of Whittaker, which on the fourth of the same month was by the sheriff levied on the land conveyed by Barrow to Dillon as trustee, and the same was advertised to be sold on the 17th January, 1857. On the 20th December, execution on Bigg's judgment was likewise issued and placed in the hands of the sheriff, but no levy was made on the land as in the case of Whittaker. On the day of the sale of the land by the trustee, he was attached as garnishee in the suit of *Whittaker* v. *Chubb ·Bro., Barrow & Co.*, and also in the suit of *Biggs* v. the same parties, and required

not to pay over to said defendants any money or property in his hands, but to retain possession thereof, in order that the same might be dealt with according to law.

The present complainants, the purchasers of the land at the sale made by the trustee, filed their bill in chancery, in which the above facts are made to appear, and in which they aver that the judgment rendered in favor of said complainants, and the said Whittaker and Biggs are liens upon the surplus in the hands of said trustee after the payment of the debt secured by the deed of trust, and that said surplus ought to be applied in payment of said judgments *pro rata*, and in proportion to their respective amounts, and claim to retain out of the sum bid by them for said land at the sale made by the trustee, the proportion thereof properly applicable upon their said judgment. They allege that they are ready, and willing, and have offered to pay to said trustee the sum of *two thousand two hundred* dollars, bid by them for said land at the sale, on condition that said trustee would retain in his hands the proportion of said surplus to which they are entitled by virtue of their judgment aforesaid, until the rights of the parties claiming to be entitled thereto are ascertained and settled; and upon such offer by them they have demanded a deed of the said land from said trustee, who refuses to execute the same except upon the unconditional payment by complainants of the said sum of twenty-two hundred dollars, as bid by them, and refuses to retain complainants' proportionable share of said surplus. Whereupon the complainants pray the court to determine in what manner the said surplus should be applied, and to decree a conveyance of said land on the payment of the amount by them bid for the same, according to the order and decree of the court.

To this bill were made defendants, John F. Dillon, the trustee, Alexander H. Barrow, Spier Whittaker and Asa Biggs. Dillon did not answer: Barrow answered, admitting the facts alleged in the petition to be true, and submitting to the judgment of the court the question as to the dispo-

sition to be made of surplus funds in the hands of the trustee, after paying the indebtedness intended to be secured by the deed. Whittaker and Biggs answer jointly, and rely upon the fact that although the judgments in their favor, and the judgment in favor of the complainants were rendered at the same time, yet they the said defendants, had issued writs of execution on their said judgment; that the writ issued on the judgment of Whittaker had by the sheriff been levied on the land; and that the sheriff, by virtue of the said writs in his hands at the time, had attached the amount in the hands of the trustee, being so much of the purchase money to be paid by complainants as should remain in the hands of the trustee, after the payment of the sum of money secured by the deed of trust. They further make their answer a cross bill, and pray that the complainants and said trustee may bring the money into court, and that the court may direct that same be paid to them.

The District Court, on a hearing, ordered that the complainants pay the surplus money into court for the use of defendants Whittaker and Biggs, and that on the payment of the same, the trustee convey the land to the complainants. The complainants appeal.

*Gurley & Rogers*, for the appellants.

I. The deed of trust from Barrow to Dillon was, in substance, a mortgage, with a power of sale, and an estate remained in the grantor on which judgments rendered after the execution of the deed and before the sale, were a lien. 2 Cruise Dig. (Greenl. ed.) title 15; 2 Story's Eq. Jur. section 1018; *Cotterell* v. *Long*, 20 Ohio 464; *Eaton* v. *Whitney*, 3 Pick. 484; *Flagg* v. *Mann*, 2 Sumn. 533; *Bennett* v. *The Union Bank*, 5 Humph. 612; *Woodruff* v. *Robb*, 19 Ohio, 212; *State* v. *Lawson*, 1 Eng. 269; *Bloom* v. *Rensalaer*, 15 Ill. 503; *Harrison* v. *Battle*, 1 Dev. Eq. 541; *Pool* v. *Glover*, 2 Iredell's Law 129; *Presnell* v. *Landers*, 5 Iredell's Eq. 251; *Leffler* v. *Armstrong*, 4 Iowa 482.

II. It is entirely immaterial whether the interest of the grantor was a legal or an equitable one.   In either case the judgments were liens upon it.   Code, sections 2485, and 26; *Harrison* v. *Kramer*, 3 Iowa, 343.

III. After the sale under the deed of trust, the judgment liens attached to the surplus, which was put in place of the land.   *Bartlett* v. *Gale*, 4 Paige 503; *Averill* v. *Loucks*, 6 Barb. S. C. R. 470; *De La Vergne* v. *Easton*, 1 Paige 181; *Purdy* v. *Doyle*, Ib. 558; *Sweet* v. *Jacocks*, Ib. 635: *Warner* v. *Helm*, 1 Gilmer (Va.) 220; Code section 2090; John. Ch. 119; 8 Black. 165.

IV. The lien of a judgment is not lost by any delay in issuing the execution, short of the ten years, which is the limitation of the lien. *Jackson* v. *Shaffer*, 1 John. 513; *Ridge* v *Prather*, 1 Black. 407; *Marshall* v. *McLean*, 3 G. Greene 363; *Muir* v. *Leitch*, 7 Barb. S. C. R. 341; 3 Iowa 543; *Neate* v. *Duke of Marlborough*, 3 Myl. & Cr. 407; 2 Story's Eq. Jur. section 1216, and note *b*.

*Grant & Whittaker*, for the appellees.

I. Judgments of the same date are equal liens, and the first creditor who seizes or garnishes the property takes all of it. *Adams* v. *Dyer*, 8 John. 347; Gilbert on Executions 55; 11 John. 228; 17 Ib. 273; 4 East. 345; 3 Dev. & Bat. 456; 3 J. J. Marsh. 212; 9 Mo. 491.

STOCKTON, J.[1]—By the conveyance from Barrow to Dillon, the legal title of the grantor in real estate, passed to Dillon, the trustee, subject to be defeated on the payment of the money by Barrow in accordance with the terms of the deed of trust.   Barrow retained only a right to redeem, and upon this interest the judgments in favor of Cook & Sargent, Whittaker and Biggs, were liens.   Our statute has made judgments in the Supreme or District Courts liens upon all

---

1. WRIGHT, C. J., dissenting.

interests in real estate, legal and equitable.   Code, sections 2485, and 26.

Upon farther examination of the authorities, since the petition for a rehearing was filed, we are of the opinion, that this equitable interest of Barrow in the land, is represented by the surplus in the hands of the trustee, after the sale, by him, to satisfy the debt secured by the deed of trust, and that the lien of the judgments, is continued in respect to this surplus.

The lien of the judgments does not attach to the land in the hands of the purchaser, after a sale by the trustee, and he takes the same unaffected by such liens.  But as the surplus proceeds, after discharging the debt secured by the deed of trust, stand in the place of the debtor's right of redemption, and represent that right, the lien of the judgments upon the right of redemption may, in equity, be enforced against the surplus in the hands of the trustee.

The judgments, then, of the complainants, Cook & Sargent, and of the defendants, Whittaker and Biggs, were equal liens upon the surplus in the hands of Dillon, and it devolved the duty upon them of taking some step to have the fund appropriated to the payment of their judgments.  If some steps were not taken, and some notice not given to Dillon of these judgments, and of the lien thereof, upon the money of Barrow in his hands, he would have been without fault and without liability if he had paid it over to Barrow.  It does not result that the trustee is to make search and inquiry whether there are any liens upon the money in his hands. It devolves upon the parties claiming to hold such liens to give notice of them, and to enforce them, at the earliest practicable moment.

There can be no question but that the surplus money in the hands of the trustee, after satisfying the deed of trust, was the personal property of Barrow, liable as any other property of the owner to be seized in execution for the payment of his debts.  If the jurisdiction of a court of equity had first attached, for the purpose of enforcing the

lien of complainants' judgment, or of distributing the proceeds of Barrow's interest in the land among those of his creditors having equal liens, such jurisdiction would not have been ousted by any subsequent proceeding in garnishment against Dillon, to subject the money in his hands to the payment of judgments against Barrow. That court would have proceeded to enforce its jurisdiction first acquired by directing Dillon to pay out the money in his hands in satisfaction, so far as it would go, of the liens existing against the funds in his hands. But no step of this kind was taken by the complainants until the 14th January, 1857, more than two weeks after the sale by the trustee, and after the money, in contemplation of law, was in his hands. In the meantime the defendants, Whittaker and Biggs, on the day of the sale by the trustee, as soon as they ascertained that the land sold for more than was sufficient to satisfy the amount due on the deed of trust, garnished, by due process of law, the surplus amount in the hands of the trustee. This proceeding was, under our statute, a seizure of and levy upon the money in the hands of Dillon, at the day of the sale, and effectually bound the amount in the hands of Dillon from that time. It was a mode fixed and appointed by law by which the property and estate of Barrow in the surplus money in Dillon's hands, might be appropriated to the payment of any judgments against him.

Dillon, in reply to the garnishee process, in addition to his answer that he had so much money of the defendant, Barrow, in his hands, might state how it came into his hands, and the nature of claim by the complainants by virtue of their judgment. But this judgment and lien could be no bar to the right of the other creditors, by virtue of their garnishee process, to have the amount in the hands of the trustee first applied in payment of their claims, by reason of their having first seized the same.

As between judgment creditors whose liens are of the same date, he who first takes the property in execution has the preference to be first paid out of its proceeds. And

this is the rule, whether the property be real or personal estate, or choses in action not subject to actual or manual seizure, and which by our statute are taken and seized only by garnishment. *Adams & Concklin* v. *Dyer*, 8 John. 347; *Watterman et al.* v. *Haskin,* 11 Ib. 228; *Burny* v. *Bogett*, 1 Howard, Miss., 39.

The law favors the diligent creditor and will suffer no interference, by one who has slept on his rights, for the purpose of taking from him the fruits of his superior diligence. The levy of the sheriff under the writs of execution on the judgments of Whittaker and Biggs, was a seizure and appropriation of the money in Dillon's hands, and the subsequent filing of a bill in equity, by the complainants, could not take away the priority thus acquired.

We have said that, in contemplation of law, the surplus money, after satisfying the deed of trust, is in Dillon's hands. He had the right to require that the whole amount bid by the complainants for the land, at the sale, should be paid to him. Until it is so paid to him, the complainants have no standing in court. They have no right to say that they hold the amount bid by them at the sale, in their hands, ready to pay the same to the trustee, provided, and on condition that he will consent to retain the surplus in his hands until the rights of the complainants thereto, or to a portion of the same, can be determined. The trustee could well demand that the whole amount bid by complainants for the land, should be paid before executing a deed for the land.

It results from these considerations that the complainants have no valid claim to set off their judgment against Barrow, against any portion of the amount due from them on their bid to the trustee. The complainants and Barrow stand in no such relation to each other as that the right of set-off can arise. The legal title to the land was in Dillon, and it was with him they were dealing, not with Barrow. Their rights as purchasers only arise on the payment of the purchase money, and they could not claim, as they do in their petition,

to have a conveyance from the trustee, and at the same time the right to hold on to the money in their hands on an assumed right to set off their judgment against Barrow against the surplus conjectured to be remaining in Dillon's hands, after satisfying the amount due on the trust deed.

We may add that this claim on the part of complainants has only been made upon the argument, and is not set up in their petition. They therein expressly claim that the judgments recovered against Barrow, are all liens upon the surplus in the hands of the trustee, and pray that the same may be applied in payment of the said judgment *pro rata*. The decree of the District Court is affirmed.

Decree affirmed.