LIPPENCOTT, JOHNSON & Co. v. WILSON ET AL.

1. **Judgment:** LIEN. A judgment is a lien upon an equitable interest in real estate.

2. ———: ———: JUDGMENTS OF SAME DATE. Where two judgments are rendered upon the same date, which are a lien upon real estate for which the debtor has a bond for a deed, the judgment creditor who first causes execution to be levied and the property sold thereunder takes precedence over the other; and his title thus acquired cannot be defeated by an action in equity, to subject the debtor's interest to the lien of the judgment.

*Appeal from Winneshiek District Court.*

MONDAY, APRIL 26.

THIS is an action in equity to subject the equitable interest of the defendant, S. O. Wilson, in certain real estate, the legal title of which is in the defendant, Benjamin Austin, to the lien of a judgment recovered by plaintiffs against said Wilson.

The petition alleges that on the 20th of February, 1873, the defendants, the Ellisons, recovered judgments against the said

S. O. Wilson, and that on the 20th of February, 1873, they caused general executions to issue on their judgments, and that at the sheriff's sale had thereunder they bought the property in controversy on the 24th of May 1873.

Plaintiffs ask that the. levy and sale be declared void, and be set aside.

The following are stipulated as the facts in the case:

"1. The judgment against S. O. Wilson, in favor of Lippencott, Johnson & Co., and the judgments of defendants, J. B. Ellison & Sons, R. B. Ellison and W. T. Ellison, were all rendered on the same day, to-wit: February 18th, 1873.

2. On the 20th day of February, 1873, the said J. B. Ellison & Son, R. B. Ellison and W. P. Ellison, had writs of general execution issued on their respective judgments, which, on the same day, were levied on the real estate in controversy.

3. On the 24th day of May, 1873, by virtue of said executions, and writs of *venditioni exponas* thereon issued, and in pursuance of said levies, the said premises were sold by the sheriff of said county.

4. The legal title of the real estate in question was held by Benjamin Austin, at the date of the rendition of said judgments, by virtue of a record title from United States Government, and has been so held by said Benjamin Austin ever since.

5. The equitable title to said real estate was, at said date, and still is, held by said S. O. Wilson, under a bond for a deed from said Benjamin Austin, fully paid.

6. The plaintiffs, Lippencott, Johnson & Co., on the 14th day of May, 1873, duly commenced this action in equity, against said S. O. Wilson and Benj. Austin, under Chapter 127 of the Revision of 1860, to subject said real estate to the lien of their said judgment.

7. The plaintiffs, Lippencott, Johnson & Co., on the 25th day of August, 1873, duly made defendants, J. B. Ellison & Sons, R. B. Ellison and W. P. Ellison, parties to said suit, and served them with notice as required by law.

8. The plaintiffs, Lippencott, Johnson & Co., on the 24th day of October, 1873, recovered judgment against said S. O.

Wilson and Benjamin Austin, in said action, and a decree was duly entered thereon, subjecting said property to the lien of said judgment, referred to in paragraph 1 thereof."

On the 24th day of June, 1874, the court adjudged that the decree heretofore entered herein, October 24th, 1873, against the said Ellisons, on their default, be set aside, and that the liens of the several judgments of February 18th, 1873, in favor of the Ellisons respectively, and against S. O. Wilson, are prior to the lien of the judgment in favor of plaintiffs, and that plaintiff's supplemental petition be dismissed.

Although the agreed statement of facts does not so show, yet appellant's counsel in his argument concedes that the bond for a deed from Austin to Wilson was recorded.  Plaintiffs appeal.

*M. P. Huthaway*, for appellants.

*E. E. Cooley*, for appellees.

DAY, J.—Plaintiffs claim that they are entitled to the rewards of superior diligence because of the commencement of an action in equity, to subject the equitable interest of S. O. Wilson in the property in controversy, to their judgment; whilst the defendants insist that they are entitled to preference because of their execution, levy and purchase.

In this state a judgment is a lien upon the equitable interest

1. JUDGMENT: of a debtor in real estate.  *Harrison v. Kramer*
lien.          *et al.*, 3 Iowa, 543; *Cook & Sargent v. Dillon et al.*, 9 Iowa, 407.

It has also been held that, "As between judgment creditors whose liens are of the same date, he who first takes the property in execution has the preference to be first paid out of its proceeds.  And this is the rule, whether the property be real or personal estate, or choses in action not subject to actual manual seizure, and which by our statute are taken and seized only by garnishment."  *Cook & Sargent v. Dillon*, 9 Iowa, 407, (413.)

It is not possible to accept these propositions, and to accede

to them their logical consequences, and at the same time to
*2. ———: ———:* deny to the Ellisons the prior and better right to
judgments of
same date.      the property in controversy, under the facts stipu-
lated and admitted in argument. The case upon which appel-
lants mainly rely, *Bridgman & Co. v. McKissick*, 15 Iowa,
260, bears no analogy to the present. In that case James
McKissick had purchased real estate, and taken the title in
the name of his wife, to defraud his creditors. The legal title
of record was in his wife, and there was nothing to show that
James McKissick had any interest in the property. In fact,
having procured the conveyance to be made to his wife for a
fraudulent purpose, he had no interest that he could enforce
as against her. Between them, the conveyance was absolute.

Notwithstanding a sale of the husband's interest under exe-
cution, yet the wife might have conveyed the property to an
innocent purchaser, and cut out the rights acquired by the
purchaser at sheriff's sale. In order to prevent the alienation
of the property, and to secure an interest therein having any
tangible character, or any real value, it was necessary to resort
to a court of equity, to have the deed to the wife declared
fraudulent, and the property made liable to the husband's debts.

Hence the court in that case very properly held that the
party who first invoked the aid of the court, which alone could
confer any substantial interest in the property, was entitled to
priority on the ground of his superior diligence. And it is to
be observed that the decision is expressly limited to cases of
fraudulent conveyances, and has no application to the case
where the equitable interest of an honest debtor is sought to
be reached. In the case at bar the equitable interest of S. O.
Wilson was apparent of record.

Austin could not convey it to an innocent purchaser, because
of the record of the bond for a deed. Wilson could not assign
the bond, so as to displace the judgment, for the judgment
was a lien upon his equitable interest. The purchaser then
at the sheriff's sale could acquire a tangible interest in the
property, an interest which no subsequent alienation could
defeat. It was not necessary to resort to a court of equity to
prevent the alienation of the property.

The interest of the judgment defendant, Wilson, passed to the purchaser at the sheriff's sale. All that remained, or was necessary for such purchaser to do, was to enforce the conveyance of the naked legal title from Austin. Now it does seem that, to hold this interest of the purchaser at the sheriff's sale liable to be defeated at any time by the equitable action of a creditor to have the debtor's interest subjected to his judgment, is simply to declare that the lien of a judgment creditor upon the equitable interest of the debtor in real estate, lacks all the essential elements of a lien, and is one only in name.

The judgment of the court below should be

AFFIRMED.