52  423<br>94  666

## WILSON & CO. v. BAKER ET AL.

1. **Practice**: MISNOMER OF CORPORATION: JUDGMENT.   That a corporation defendant is not correctly named in an action can only be taken advantage of by plea in abatement.   Where service is made upon the proper officers and such plea is not made the judgment will bind the corporation, though named by another than its corporate name

*Appeal from Kossuth District Court.*

THURSDAY, DECEMBER 4.

THIS action is brought to. declare void a judgment held by O. H. Baker, and also judgments held by other parties defendants, and to decree them junior and inferior to a judgment held by the plaintiff, to set aside and cancel a sheriff's sale to O. H. Baker, and to restrain, by injunction, the sheriff from executing a deed to him.   The defendant O. H. Baker moved the court that he be dismissed from the action, for the reason that the cause of action against him was improperly joined with causes of action against the other defendants.   Afterward the defendant Baker filed a demurrer to the petition.   It was

stipulated that pending the hearing on the demurrer the defendant might file his answer, and that the evidence might be submitted, and the cause taken under advisement by the court, without the waiver of the questions presented by the demurrer. The defendant thereupon answered, and the cause was submitted to the court upon an agreed statement of facts. The court overruled the defendants' motion and demurrer, declared the plaintiff's judgment paramount to the judgment of the defendant Baker, and decreed that the sheriff's sale to the defendant Baker, in satisfaction of his judgment, be set aside. The defendant Baker appeals.

*Maxwell & Witter* and *J. H. Hawkins*, for appellant.

*George E. Clark*, for appellee.

DAY, J.—I. The record does not disclose that any defendant other than O. H. Baker was served with notice, or made defense. He moved the court that he be dismissed from the action, and that so much of the cause of action as relates to him be stricken from the petition, for the reason that said cause of action is improperly joined with the causes of action against the other defendants, in violation of chapter seven, of title seventeen of the Code. The defendant was not, for the reasons stated, entitled to be discharged from the action. If causes of action against other parties were improperly joined with the cause of action against him, it is probable that he would have been entitled to have the other causes of action stricken from the petition against him, under the provisions of section 2632 of the Code. The motion was properly overruled.

II. The questions presented by the demurrer are involved in the final hearing upon the agreed statement of facts. The rulings upon the demurrer, therefore, need not be considered.

III. The agreed statement upon which the cause was submitted shows the existence of the following facts: On the 31st day of December, 1870, there was organized at Algona, under the laws of Iowa, a corporation by the name and style of the " Trustees of the Algona Seminary." On the 31st day

of May, 1873, the persons whose names are attached to the articles of incorporation above named, together with other persons, signed and had copied upon the records of Kossuth county a paper purporting to be articles of incorporation of an association under the name of " The Trustees of Algona College," but this paper was never acknowledged as required by section 1095 of the Code of 1873. On the 17th day of May, 1873, at a meeting of the board of trustees of Algona Seminary, the annual meeting was changed from the Monday preceding the last Saturday in June to the 24th day of May, and D. H. Hutchins, a member of the board, gave notice that he would offer for adoption at the annual meeting amended articles of incorporation. On the 24th day of May, 1873, the board met, and adjourned to May 31st. On the 31st day of May, 1873, the board met and adopted the articles of incorporation before presented by Hutchins, which are the same as the paper above referred to, as signed on the 31st day of May and recorded, but not acknowledged. At the meeting, May 31st, 1873, the secretary was directed to notify the trustees of Algona College that a meeting of said board would be held June 17th, 1873.

Since May 31st, 1873, the defendant, "The Trustees of Algona College," has acted and done business as such, and the defendants Mitchell, Stacy, Ingham, Jones, Robinson, Smith, Hutchins, Read, Potter, Lemon, Loper, Barr, Walker, Williams, Walker, Cary, Omsley, Horton and Rowen are the acting officers and trustees thereof.

On the 15th day of August, 1870, Lewis H. Smith conveyed to the "Trustees of Algona Seminary," for the express purpose of erecting thereon a building to be used for school or seminary purposes, only, a certain tract of land containing seven hundred and eighty-four rods. On the 5th day of September, 1873, the said Smith executed a quit claim of said tract of land, together with a small additional tract, in all containing eight hundred and fifty-four square rods, to " The Trustees of Algona College."

In August, 1870, the trustees of Algona Seminary contracted with Yemans & Bougey to erect on the real estate

above described certain buildings and other improvements, and furnish the material therefor. The plaintiffs furnished said Yemans & Bongey the lumber and materials with which said improvements were made, and Yemans & Bongey turned over to plaintiffs a warrant dated Jan. 20, 1871, for $1,101.11, in payment for said lumber and materials, which warrant they had received from the trustees of Algona Seminary, on their contract. Plaintiffs' original judgment against the trustees of Algona College was obtained on said warrant on the 14th day of October, 1874, in the Kossuth District Court. By omission the clerk failed to make any record of the same except an entry on the judgment docket of said court. On the 6th day of May, 1876, plaintiffs had said cause redocketed and a final judgment entered in due form against the "Trustees of Algona College," for $1,425.49.

On the 14th day of October, 1874, O. H. Baker obtained a judgment for $1,719.25 against "Algona College." By omission the clerk failed to make any record of the same, except an entry on the judgment docket of said court. On the 17th day of November, 1875, the said Baker filed a motion and had a record of said judgment completed against "Algona College." Notice of said motion was duly served on J. E. Stacy, vice-president of said trustees of Algona College, but no notice of said motion was served on the plaintiffs.

On the 19th day of February, 1877, O. H. Baker caused a general execution to issue on said judgment, and the real estate conveyed by Lewis H. Smith, before referred to, to be sold thereunder, the said Baker himself becoming the purchaser for the unsatisfied amount of his judgment, he having before, on the 15th day of October, 1874, levied upon and sold a judgment in favor of Algona College against S. G. A. Read, for $400.

In the action of the plaintiffs on the warrant before mentioned the defendant was, in the original petition, designated as the "Algona College," and on the 14th day of October, 1874, by leave of court, the petition was amended, by inserting therein, in lieu of the words "Algona College," wherever they occur, the words, "The Trustees of Algona College." In all

catalogues issued by the officers of said institution since May 1873, the name thereof as designated therein is the "Algona College." In the minutes kept by the said corporation, the record of the different meetings frequently commences, "At a meeting of the board of trustees of Algona College," etc.

Whilst this action was pending, and before decree therein, an act was passed legalizing the incorporation of the "Trustees of Algona College," which act took effect by publication, April 3d, 1878. See chapter 66, laws of 1878.

The position of the plaintiffs is, that the judgment of the defendant O. H. Baker, is void by reason of the misnomer, the judgment being against "Algona College" instead of "The Trustees of Algona College." Upon this claim alone the plaintiff's base their right to the relief asked.

1. PRACTICE: misnomer of corporation: judgment.

The objection is of a purely technical character. Whether or not it should avail, there is some conflict of authority. It is not claimed that notice of the action was not served upon the proper officer of the corporation, "The Trustees of Algona College." It appears that the corporation was designated by the corporation itself by the name of "Algona College." Service upon the notice, in the original action of plaintiff against the "Trustees of Algona College," was accepted by "J. E. Stacey, vice-president of the Algona College, the defendant named in the within notice," notwithstanding the notice was directed to "The Trustees of Algona College."

In *Minot v. Curtis*, 7 Mass., 441, it is said: "We know not why corporations may not be known by several names as well as individuals." It would seem from this authority that an action might well be brought against the corporation by the name by which it was known and designated, though different from the name by which it was incorporated. But, however this may be, we think the better rule, and the one supported by the weight of authority is, that a misnomer in a corporation can be taken advantage of only by plea in abatement. *Proprietors of Sunapee v. Eastman*, 32 N. H., 470. The case of *Lafayette Insurance Company v. French*, 18 Howard, U. S., 404, is directly in point. The Lafayette In-

surance Company was chartered by the State of Indiana; an action was brought upon a policy in Ohio, and judgment was recorded against "The President, Directors and Company of the Lafayette Insurance Company." Upon a record of this judgment an action was brought against the "Lafayette Insurance Company," in the Circuit Court of the United States, in Indiana, and judgment entered against the company. Upon the trial the defendants objected to the introduction in evidence of a copy of the record of the judgment recovered in Ohio, because it did not show a judgment against the defendant. The court admitted the judgment in evidence. Upon this branch of the case the Supreme Court say: "It was objected that the judgment recovered in the Commercial Court was against the president, directors, and company of the Lafayette Insurance Company, while this action is against the 'Lafayette Insurance Company;' but the declaration describes the judgment correctly, and then avers that the judgment was recovered against the defendants by that other name. We must assume that this fact was proved, and the only question open here is whether, if a mistake be made in the name of a defendant, and he fails to plead it in abatement, the judgment binds him, though called by a wrong name. Of this we have no doubt. Evidence that it was an erroneous name of the same person must, therefore, be admissible; otherwise a mistake in the defendant's name, instead of being available only by a plea in abatement, would render a judgment wholly inoperative." In this case it is not contended that by the designation, "Algona College," a different corporation from the "Trustees of Algona College" was intended. The only point relied upon is that a judgment, which was intended to be recovered against the defendant corporation, was recovered against it by a name differing from that by which the defendant was incorporated.

The above case is direct authority for the position that such judgment is not void, and that advantage of the misnomer can be taken only by plea in abatement. We regard the above case as containing a correct exposition of the law. As the defendant Baker's judgment was obtained upon the same day as

the judgment of the plaintiff Wilson, and Baker has issued execution and sold property under his judgment, he is entitled to preference. *Cook & Sargent v. Dillon*, 9 Iowa, 407. The court erred in declaring the plaintiff's judgment paramount, and in setting aside the sheriff's sale to Baker.

REVERSED.