W. B. Kisterson v. R. S. Tate, Sheriff, Appellant.

**Judgments: PRIORITY.** Where judgments are obtained at different times against the same defendant, and the latter thereafter acquires property to which judgment liens may attach, all of such judgments become liens on the after-acquired property at the same instant, and neither has priority. *Ware v. Purdy,* 60 N. W. Rep., 526, *followed.*

*Appeal from Fremont District Court.*—Hon. A. B. Thornell, Judge.

Wednesday, May 22, 1895.

Action in equity. Decree for plaintiff. Defendant appeals.—*Reversed.*

*Wm. Eaton, W. S. Lewis,* and *C. E. Dean* for appellant.

*Shirley Gillilland* for appellee.

Kinne, J.—I. May 19, 1885, one Dilehay recovered a judgment against Samuel Dalton. May 27, 1885, one Webb obtained a judgment against Dalton. August 6, 1885, Dalton obtained title to the southeast quarter of section 4, in township 70, range 42 west of the fifth P. M. December 12, 1891, Webb caused an execution to issue upon his judgment, and sold the land above described thereunder. Webb assigned his certificate of sale to plaintiff, who, in January, 1893, obtained a sheriff's deed to said land. After the levy of the execution on the Webb judgment, and on August, 9, 1892, Dilehay caused an execution to be issued on his judgment and levied upon said real estate, and the same was sold thereunder, and a certificate of sale

issued to Dilehay. It seems that in 1889, and after the levy on the land under the Webb execution, Dalton, the owner of the land, enjoined the sale thereunder; and on appeal to this court the decree below was reversed, and the land sold thereunder, as heretofore stated. Plaintiff in this action claims that as the deed under which he claims was executed in pursuance of a sale had under an execution issued upon the Webb judgment, which was levied upon the land prior to the levy of the execution on the Dilehay judgment, that priority was thereby obtained. He asks that the defendant sheriff be enjoined from executing a deed to said property. To the petition setting forth the above facts defendant demurred. The demurrer was overruled, and judgment and decree entered in favor of plaintiff. Defendant appeals.

II. Dilehay recovered a judgment against Dalton. Thereafter plaintiff's assignor recovered a judgment against Dalton. Several months after the recovery of both of said judgments, Dalton became the owner of forty acres of land subject to execution. Plaintiff's assignor caused an execution to issue on his judgment, and levied upon and sold said land. Some time afterwards Dilehay caused an execution to issue on his judgment, and sold the same land. Plaintiff's contention is that his assignor acquired a lien upon the land prior to Dilehay, by reason of the fact that his assignor's levy upon the land was prior in point of time to the levy made under the execution issued on the Dilehay judgment. We have held that when judgments in favor of different parties, and against the same defendant, are recovered on the same day, that the judgment creditor first issuing execution and levying upon the debtor's property acquires a prior lien thereon. *Cook v. Dillon,* 9 Iowa, 407; *Wilson v. Baker,* 52 Iowa, 423; *Lippencott v. Wilson,* 40 Iowa, 425. And it has

been held that, when judgments held by different persons are not a lien upon property, the judgment creditor who first issues execution and levies upon the property secures a prior lien. *Lathrop v. Brown*, 23 Iowa, 48. So we have said that, when a judgment debtor has fraudulently transferred his property to another, the party who first invoked the aid of the court to set aside the conveyance was entitled to priority on the ground of his superior diligence. But that rule is applicable only to cases of fraudulent conveyances of real estate to hinder and delay creditors. *Bridgman v. McKissick*, 15 Iowa, 268. The case at bar, in its facts, does not come within either of these holdings. The judgments were not rendered on the same day. While it does appear that the judgment debtor enjoined the sale of the land, it does not appear upon what ground such action was taken, nor does it appear that the judgment debtor had fraudulently conveyed the land. Nor is this a case where the judgments were not a lien upon the property. Both of these judgments became a lien upon this after-acquired land at the same time. Under such circumstances, we have held that the liens attached to the property at the same instant, and that neither has priority over the other. *Ware v. Purdy*, 60 N. W. Rep. 526, and cases cited. See, also, *In re Hazard's Estate* (Sup.) 25 N. Y. Supp. 928, 36 N. E. Rep. 739. Black, Judgm., section 432.

Having so recently considered this question, we need not further discuss it. While a re-hearing has been granted in the *Ware Case*, it is as to points other than the one now under consideration. That case is decisive of the question here presented. The court below erred in overruling the demurrer.—*Reversed.*