FOLLETT and PARKER, JJ., concurred.

Judgment affirmed.

---

In the Matter of the Distribution of the Surplus Moneys in an Action of Foreclosure of a Mortgage on Real Estate of SARAH LAWRENCE HAZARD, Deceased.

*Judgment liens — on after-acquired property — no priority — Code of Civil Procedure, § 1251.*

Under the statute of the State of New York (Code of Civil Procedure, § 1251), docketed judgments become liens simultaneously, and without priority between them, upon real property subsequently acquired by the judgment debtor during ten years from the filing of the judgment roll, at the time of his acquisition of the property.

Hence, where there are several judgments docketed against the judgment debtor at the time he acquires property, the judgment first docketed is not a prior lien on such after-acquired property, but all the judgments are entitled to rank equally.

APPEAL by the petitioner, the American Surety Company of New York, from so much of a decree of the Surrogate's Court of the city and county of New York, made and entered on the 3d day of April, 1893, as confirmed the report of a referee determining the rights of certain parties, other than the said American Surety Company of New York, to any portion of the surplus moneys herein.

The proceeding was one for the distribution of surplus moneys arising out of the sale on foreclosure of the property of a decedent, which surplus moneys were paid into the Surrogate's Court in pursuance of section 2798 of the Code of Civil Procedure. The claimants to the fund are judgment creditors of Roland N. Hazard, the sole devisee and legatee under the will of the deceased. The surrogate's

decree directed distribution *pro rata* among those claimants whose judgments were docketed in the county of New York at the time of the death of the decedent, viz., July 21, 1890. The judgments owned by the appellant, amounting in all to $22,986.40, were docketed in that county prior to the time of the docketing of any of the other judgments. The surrogate held, as a conclusion of law, that where there are a number of judgments docketed against the judgment debtor at the time he acquires the property, the judgment first docketed is not a prior lien, but all are entitled to rank equally. The question of the correctness of this ruling is the only question presented by this appeal.

*J. J. Crawford*, for the appellant, American Surety Company, petitioner.

*L. A. Lockwood*, for the respondent John R. Caswell.

*J. D. Taylor*, for the respondent Le Grand S. Cholwell.

*Norwood & Coggeshall*, for the respondents S. Y. L'Hommedieu and Reginald A. Lawrence.

Van Brunt, P. J. :

We might affirm the decree appealed from upon the opinion of Surrogate Ransom in the court below were it not for the fact that in such opinion he seems to lay too much stress upon adjudications in other States. Such adjudications can throw very little, if any, light upon the construction of our statutes, as there is almost always some variation in language which may very well change the rule of interpretation.

When we consider the language of our statute we fail to see where there is any provision for, or any evidence of, an intention to provide for a priority of liens of judgments upon after-acquired property. Judgments are a lien upon property because of the provisions of the statute, and unless there is some provision granting priority none can exist.

The provisions of our statute regulating liens of judgments are those contained in sections 1250 and 1251 of the Code of Civil Procedure.

Section 1250 provides that "a judgment required to be docketed as prescribed in this article neither affects real property or chattels real, nor is entitled to a preference until the judgment roll is filed and the judgment docketed." And section 1251 provides that "except as otherwise specially prescribed by law, a judgment hereafter rendered which is docketed in a county clerk's office as prescribed in this article, binds and is a charge upon, for ten years after filing the judgment roll, and no longer, the real property and chattels real in that county which the judgment debtor has at the time of so docketing it, or which he acquires at any time afterwards and within the ten years."

Now, it is urged upon the part of the appellant that there is no distinction made by the statute between property held at the time and after-acquired property, and that as no different rule is prescribed as to the duration of the lien, between property owned at the time of the docketing of the judgment and after-acquired property, such lien being for ten years after the filing of the judgment roll, etc., these words apply to both classes of property, and if the lien commences in the one case from the time of the filing of the judgment 'roll, it commences from that time in the other as well. And it is urged that there being an express declaration that the lien is to continue for ten years, it commences at the time of the filing of the judgment roll and docketing of the judgment in respect to after-acquired property as well as to that owned at the time.

That this construction cannot prevail seems to be manifest when we consider the wording of the statute. The words of the statute are, "binds and is a charge upon;" that is, upon filing the judgment roll and docketing the judgment, such judgment at once binds and is a charge upon the debtor's real estate. But it cannot at once bind and be a charge upon what he does not own, and the binding and charging can only take place when the debtor acquires the property, and then the binding and charging of all the judgments must occur simultaneously, because it is the one act of acquisition which then enables the judgments to bind and charge, and not the several acts of filing the judgment rolls and docketing the judgments.

It is difficult to see how it is possible for a lien to attach to a thing which does not exist. The lien of a judgment attaches to the

ownership of the property. As ordinarily expressed, however, it is stated that the judgment binds the property, but it is clear that it is intended in all such expressions to hold that it is a lien upon the ownership of the property, and that is all.

The codifiers, in their zeal, by changing the language, to add confusion to conditions which were plain before, have seen fit to change the language of the Revised Statutes, without any avowed intention of making any change in its provisions. In this respect, it seems to us that they have infused uncertainty where it did not exist before, as they have frequently succeeded in doing in other instances.

The provisions of the Revised Statutes (Vol. 2, p. 359, § 3) are as follows : " All judgments hereafter rendered in any court of record *shall* bind and be a charge upon the lands, tenements, real estate and chattels real of every person against whom any such judgment shall be rendered, which such person may have at the time of docketing such judgment, or which such person shall acquire at any time thereafter, and such real estate and chattels real shall be subject to be sold upon execution to be issued on such judgment." Here the language is, " shall bind and be a charge upon the lands, etc., which such person may have at the time of docketing such judgment, or which such person shall acquire at any time thereafter," the language indicating futurity in the attaching of the lien — " *shall* bind the lands, etc., which such person shall acquire at any time thereafter." Bind when ? Clearly when acquired, and not before.

The next section (§ 4) provides that from and after ten years from the time of docketing such judgment, it shall cease to bind or be a charge upon any such property, clearly showing that there was no intention or idea that a lien could exist against after-acquired property for any period of ten years, as is claimed from the present provisions of the Code.

It seems to us that the whole idea pervading the provisions of the Code under consideration, is that these judgments go into operation as against any property which the judgment debtor may hold or acquire during ten years from the filing of the judgment roll ; but until title is acquired, it seems to be clear that no lien can attach.

As already suggested, it is the acquisition of the title which enables the lien to attach; and the liens of all prior judgments necessarily attach at one time, and there can be no priority between them.

The decree should be affirmed, with one bill of costs to the respondents.

FOLLETT and PARKER, JJ., concurred.

Decree affirmed, with one bill of costs to the respondents.