In the Matter of the Final Judicial Settlement of the Accounts of MARY E. TOWNSEND, as Administratrix, etc., of STEPHEN P. SHERWOOD, Deceased.

CHARLES A. HOAG, Appellant; CHARLES TOWNSEND and Another, Respondents.

*Word "prior" in reference to a judgment defined — preference in the payment of judgments from the personal property of a deceased judgment debtor.*

"Prior" and "subsequent" are opposite terms, and although the word priority is sometimes used in the sense of pre-eminence and preference, yet it is generally used to signify antecedence and precedence, and by the term "prior claim," as used in subdivision 3 of section 2719 of the Code of Civil Procedure, it is intended to denote claims which have antecedence. The word prior, when employed to describe a judgment, can signify nothing except priority in point of time; a judgment cannot be prior in any other respect.

The provisions of subdivision 3 of section 2719 of the Code of Civil Procedure plainly contemplate a preference of some sort in the payment of judgments out of the estate of a decedent, and according to the maxim *expressio unius est exclusio alterius* the prohibition of preference of debts "except those specified in the third class" creates the inference that preference may be given in the payment of the debts which are specified in the third class.

Under the common law one judgment against a decedent docketed previous to his death had no preference in payment over another.

Under the provisions of section 2719 of the Code of Civil Procedure judgments docketed and decrees enrolled are entitled to preference in payment out of the personal estate of a deceased debtor, according to the priority, in point of time, of the docketing of the judgment or the enrolling the decree and without reference to any supposed lien of the judgment or decree upon the real estate of the decedent; and a judgment which has been docketed or a decree which has been enrolled more than ten years before the death of the decedent is entitled to be paid out of the personal estate of a deceased debtor in preference to a junior judgment or decree which has been obtained within ten years.

APPEAL by Charles A. Hoag, a judgment creditor of Stephen P. Sherwood, deceased, from that portion of a decree of the Surrogate's Court of the county of Dutchess, entered in the Surrogate's Court of Dutchess county on the 29th day of May, 1894, settling and allowing the accounts of the administratrix of Stephen P. Sherwood, deceased, which excludes the appellant from a *pro rata* share in the fund distributed thereby.

*Herrick & Losey*, for the appellant.

*Jos. Morschauser*, for Charles Townsend, first judgment creditor, respondent.

*H. D. Hufcut*, for the administratrix, respondent.

DYKMAN, J.:

This is an appeal from the decree of the surrogate of Dutchess county upon the final settlement of the accounts of the administratrix of Stephen P. Sherwood, deceased.

The decree of the surrogate shows a balance of money in the hands of the administratrix of $394.61.

On the 15th day of November, 1879, Sarah J. Smith recovered a judgment against Stephen P. Sherwood, which was docketed in the Dutchess county clerk's office on that day, for $579. That judgment has been assigned to Charles Townsend, and he claims the entire balance in the hands of the administratrix, as the first judgment creditor of the deceased.

Charles A. Hoag obtained a judgment against the deceased, which was docketed in the Dutchess county clerk's office on the 16th day of April, 1880, for $418.02, and he now claims payment of his judgment *pro rata* with the first judgment above mentioned.

The fund for which the administratrix rendered an account was acquired by the deceased about two years previous to his death.

The surrogate directed the money to be applied upon the judgment which was prior in point of time.

The order of payment of the debts of deceased persons by their personal representatives is prescribed by section 2719 of the Code of Civil Procedure as follows, so far as the provision is applicable to this case : * * *

*Third.* " Judgments docketed and decrees entered against the deceased according to the priority thereof respectively. * * * Preference shall not be given in the payment of a debt over other debts of the same class, except those specified in the third class."

The determination of the question involved in this appeal demands the construction of subdivision 3 above quoted, and the meaning of the term priority as it is employed in that statute.

Prior and subsequent are opposite terms, and although the word priority is sometimes used in the sense of pre-eminence and preference, yet it is generally used to signify antecedence and precedence,

and when we speak of prior claims we intend to denote claims which have antecedence.

The statute plainly contemplates a preference of some sort in the payment of judgments, because although the portion of the statute quoted prohibits a preference in the payment of one debt over another, except those specified in the third class is a negative provision, yet, according to the maxim *expressio unius est exclusio alterius*, the inference is that preference may be given in the payment of the debts which are specified in the third class.

Moreover, the word prior, when employed to describe a judgment, can signify nothing except priority in point of time, because a judgment cannot be prior in any other respect.

Under the common law one judgment against a decedent docketed previous to his death had no preference in payment over another, but the order of payment of the debts of deceased persons was regulated and prescribed by our Revised Statutes (2 R. S. 87, § 27), and the language of the section is the same as the language in section 2719 of the Code of Civil Procedure, except that the word "entered" follows the word "decree" in the Code of Civil Procedure instead of the word "enrolled," used in the Revised Statutes; and the clause prohibiting preferences, except as to debts specified in the third class, is contained in a separate section in the Revised Statutes, while in the Code of Civil Procedure it is placed in the same section. That section of the Revised Statutes came under review by Chancellor WALWORTH, in the case of *Ainslie* v. *Radcliffe* (7 Paige, 440).

The question involved in that case was similar to the one now presented to us, and the chancellor decided that by the provision of the Revised Statutes judgments docketed and decrees enrolled are entitled to preference in payment out of the personal estate of the deceased debtor, according to the priority in point of time of docketing the judgment or of enrolling the decree, and without reference to any supposed lien of the judgment or decree upon the real estate of the decedent. And a judgment which had been docketed or a decree which had been enrolled more than ten years before the death of the decedent is, therefore, entitled to be paid out of his personal estate in preference to a junior judgment or decree which had been obtained within the ten years.

The case of *Matter of Hazard* (73 Hun, 22) is easily distinguished from this. That matter brought section 1251 of the Code before the court, and it was there decided that under that section docketed judgments became liens at the time of such acquisition simultaneously upon real property subsequently acquired by the judgment debtor, and without priority between them.

There is no question respecting the liens of judgment presented by this appeal, and the *Hazard* case has no application to this case.

That was a proceeding to determine the rights of certain parties in the surplus arising from the sale of real property under a judgment in an action to foreclose a mortgage on real property, and as the money assumed the place of the land, it became necessary to determine the question of priority of the liens upon the land, or whether there was any preference of payments between such judgments.

The decree of the surrogate should be affirmed, with costs to be paid by the appellant.

BROWN, P. J., and CULLEN, J., concurred.

Decree of the surrogate affirmed, with costs to be paid by appellant.