[S. F. No. 8087. In Bank.—February 27, 1919.]

## ED. HERTWECK et al., Respondents, v. JOSEPH FEARON et al., Appellants.

[1] JUDGMENT—LIEN—CREATURE OF STATUTE.—The lien of a judgment is purely the creature of the statute, no such lien having existed at common law.

[2] ID.—DOCKETED JUDGMENT—LIEN ON AFTER-ACQUIRED PROPERTY—DATE OF ACQUISITION.—Under section 671 of the Code of Civil Procedure, a docketed judgment cannot "become a lien" on after-acquired property of the judgment debtor until the property is actually acquired by him.

[3] ID.—LIENS ON AFTER-ACQUIRED PROPERTY — EQUALITY OF RANK.—Under section 671 of the Code of Civil Procedure, there is no priority as between liens created by the docketing of judgments on real property of the judgment debtor acquired after such docketings, in so far as the order in point of time of such docketings is concerned, since the liens simultaneously attach upon the acquisition of the property.

[4] ID.—DIFFERENT JUDGMENTS — EQUAL LIENS — HOW SUPERIORITY ACQUIRED—FIRST ISSUANCE AND LEVY OF EXECUTION.—Where there are different judgments which are equally liens upon the lands of the judgment debtor, the judgment creditor who first has issued and levied an execution thereby obtains a lien which is superior to that of the other judgments upon which executions have been subsequently issued, and the first execution so far subordinates the lien of the other judgments that the owners of them may redeem from the sale upon the first execution.

APPEAL from a judgment of the Superior Court of Fresno County. Geo. E. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. H. H. Hart for Appellants.

G. L. Aynesworth and S. L. Strother for Respondents.

ANGELLOTTI, C. J.—This is an action to enjoin the sale of certain land in Fresno County under a writ of execution issued upon a judgment of the superior court of Fresno County in favor of defendant Fearon against one Rauer for $513.25. The plaintiffs were the purchasers of said land at a sale thereof under execution issued upon a judgment of the superior court of Fresno County in favor of one Webb against said Rauer for $15.90, and the time for redemption from said sale having expired, they had received the sheriff's deed to said land before any levy was made on the land under the Fearon judgment execution. Plaintiffs had judgment herein, and defendants appeal therefrom.

The Fearon judgment was the prior judgment. It was given and docketed against Rauer on March 13, 1912. The Webb judgment was given and docketed against Rauer on June 10, 1912. Rauer had no interest in the land here involved prior to October 22, 1912, on which date he became the owner thereof. This, it will be observed, was some months after the recovery and docketing of both judgments. Thereafter a writ of execution under the Webb judgment was issued and levied upon the land, and a sale had, and, no redemption having been had, the plaintiffs received their sheriff's deed January 20, 1914. Thereafter, viz., on May 10, 1915, the writ of execution was issued on the Fearon judgment and levied on the land.

The principal question presented is whether as to this after-acquired land the lien of the prior judgment, given by section 671 of the Code of Civil Procedure, was the prior and paramount lien. If it was, of course the sale of the land under the junior judgment execution was made subject to the prior judgment lien, and such prior lien could be enforced by execution, levy, and sale without regard to the sale under the junior judgment. But if it was not the prior lien as to this land, it seems manifest to us that the purchasers at the sale acquired the land free of the lien.

[1] It being true, as was said in *Boggs* v. *Dunn*, 160 Cal. 283, [116 Pac. 743], that "the lien of a judgment is purely the creature of the statute, no such lien having existed at common law," the question presented must be determined by ascertaining the meaning of section 671 of the Code of Civil Procedure, the statutory provision covering this matter. That section, after providing for the docketing of the judgment by the clerk, is as follows: "And from the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor not exempt from execution in the county, owned by him at the time, or which he may afterward acquire, until the lien ceases. The lien continues for five years" unless enforcement of the judgment be stayed on appeal by a sufficient undertaking, in which event it ceases. This section is in all material respects substantially the same as it was when originally enacted in 1851 as section 204 of the old Practice Act, the only changes being the substitution of the word "becomes" for "shall become," as it originally was, and the substitution of the word "ceases" for the word "expires." Of course, under this provision both judgments became liens upon this property acquired by the judgment debtor after their docketing. [2] Manifestly, however, neither judgment could become a lien upon such property until it became the property of the judgment debtor. It was the single act of acquisition of the property by the judgment debtor that caused both docketed judgments to become liens thereon, and in the very nature of things there could be no priority in point of time between them in so far as the creation and inception of the liens are concerned. The two liens on this property were simultaneously created, and, unless there can be found in section 671 of the Code of Civil Procedure an intention to make the liens of docketed judgments on after-acquired property of the judgment debtor rank according to the order of the respective docketings, it cannot be held that one has any priority over another. We can see no such intention expressed in our statute. The claim is that this intention is to be found in the words "and *from the time the judgment is docketed* it becomes a lien," etc., but certainly if such was the intent as to after-acquired property, it was a very poor way in which to express it. We have already noted that the docketed judgment cannot "become a lien" on after-acquired property of the judgment debtor until the property is actually acquired

by him. If it had been intended to provide for any priority as between judgment liens on after-acquired property, actually created at the same moment, based on the dates of docketing of the judgments, it would have been a simple matter to make that intention clear in apt words. Provisions in all substantial respects similar to those of section 671 of the Code of Civil Procedure have been considered by the courts of many other states, and the overwhelming weight of authority is to the effect that under such provisions there is no priority as between such liens on after-acquired property as are here involved—that they become liens at the same instant upon the after-acquired property, viz., at the instant there is a title to attach to, and do not relate back to the original judgment, and that neither has any priority over the other. (See particularly *In re Hazard's Estate,* 73 Hun, 22, [25 N. Y. Supp. 928]; affirmed on opinion of supreme court, 141 N. Y. 586, [36 N. E. 739]; *Moore* v. *Jordan,* 117 N. C. 86, [53 Am. St. Rep. 576, 579n, 42 L. R. A. 209 note, 23 S. E. 259]; *Kisterson* v. *Tate,* 94 Iowa, 665, [58 Am. St. Rep. 419, 63 N. W. 350]; *Ware* v. *Delahaye,* 95 Iowa, 667, [64 N. W. 640]; 2 Freeman on Judgments, sec. 368; 1 Black on Judgments, sec. 460; 5 Ruling Case Law, sec. 262, p. 802; 23 Cyc. 1381.) Mr. Freeman says that ''this construction seems to be of undisputed correctness, and to be adopted wherever the question has arisen, except in Oregon.'' (Freeman on Judgments, sec. 368.) The Oregon case referred to is that of *Creighton* v. *Leeds,* 9 Or. 215, and the statute there involved was similar to our own. The question was there learnedly and exhaustively considered, but we find ourselves unable to assent to the conclusion reached therein. We are of the opinion that the words ''and from the time the judgment is docketed,'' etc., on which so much reliance is placed, can reasonably be taken as meaning in the connection in which they are used no more with regard to after-acquired property than that from such time the judgment becomes a lien at the instant there is a title to attach to.

[3] It follows from what we have said that the judgment liens here involved were equal, neither party having priority over the other.

The necessary consequence of this conclusion, it appears to us, is that the purchaser at the sale under the execution issued on the Webb judgment took a title free of all claim based on

the Fearon judgment lien.   **[4]**   The situation in this regard was well expressed in *Elston* v. *Castor*, 101 Ind. 426, [51 Am. Rep. 754], where the court said: "The result of all these authorities . . . is that where there are different judgments which are equally liens upon the lands of the judgment debtor, the judgment creditor who first has issued and levied an execution thereby obtains a lien which is superior to that of the other judgments upon which executions have been subsequently issued. . . . The result of this is that the first execution so far subordinates the lien of the other judgments that the owners of them may redeem from the sale upon the first execution, under the statute which provides that junior judgment creditors may redeem. . . . This does not conflict with the rulings that a judgment lien which is superior by seniority cannot be overthrown by a junior judgment lien.   There the preference is completed by the seniority.   Here there is no seniority, and the preference is brought about by the superior diligence in following up the steps of the law, and, in a sense, appropriating the property by the levy of an execution." (See, also, Freeman on Judgments, sec. 374.)

No question as to any possible right of Fearon to share with Webb in the proceeds of the sale upon the execution on the Webb judgment is material in this action, and therefore any such question need not be here discussed.

Plaintiffs being by virtue of their purchase and deed the owners of this land free of all claims based on the Fearon judgment were entitled to the relief sought by them.

The judgment is affirmed.

Shaw, J., Wilbur, J., Lennon, J., Sloss, J., Melvin, J., and Lawlor, J., concurred.