[Civ. No. 4141. First Appellate District, Division One.—January 6, 1922.]

## A. H. SECCOMBE, Plaintiff and Appellant, v. GEORGE D. CASE et al., Defendants and Appellants; H. L. SACKS et al., Defendants and Respondents.

[1] JUDGMENTS—PATENT OF GOVERNMENT LAND—DOCKETING BEFORE ISSUANCE — LIENS OF EQUAL RANK — EXCEPTION.—Several judgments docketed against a patentee of government land before receipt of patent become liens on the land simultaneously and neither has priority unless the grant is a homestead patent.

[2] PUBLIC LANDS—HOMESTEAD ACT—DEBTS OF PATENTEE—EXEMPTION.—Lands acquired under the Homestead Act are not liable for debts contracted prior to the issuance of a patent therefor.

[3] ID.—JUDGMENT FOR FRAUD—LIABILITY OF HOMESTEAD PATENTEE.—The Homestead Act of the United States is not applicable to debts arising from torts prior to issuance of patent, and a judgment for fraud docketed before such issuance takes precedence over a subsequently executed mortgage, but a judgment based on contract thus docketed creates no lien.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kimpton Ellis for Plaintiff and Appellant.

Walter T. Casey for Defendants and Appellants George D. Case and James R. Shaw.

Kemp, Mitchell & Silberberg, Michael Rudolph and Isaac Pacht for Defendants and Respondents.

TYLER, P. J.—This action was one brought to quiet title to certain lands situate in Los Angeles County. Defendants

Case and Shaw answered and by cross-complaint asked to have the property quieted in them. Defendants Sacks and Arnold similarly answered and cross-complained and sought the same relief as the other defendants. Judgment went for defendants Sacks and Arnold, the title to the property being quieted in them against the plaintiff and all other defendants, including Charles O. Haskell. Plaintiff Seccombe and defendants Case and Shaw appeal. At the trial most of the facts were submitted upon a stipulation. The case depends upon the sufficiency of the proof of the character of the grant received by defendant Haskell from the United States; all parties herein claim title through Haskell. Plaintiff to this action had secured, and on May 7, 1914, had docketed, a deficiency judgment against Haskell in Los Angeles County. On November 29, 1918, he caused execution to be levied and the property to be sold, and he became the purchaser. On October 9, 1920, a sheriff's deed was issued to the same. Appellants' Case and Shaw claim of title is based on a mortgage covering said property executed by Haskell October 15, 1916, which mortgage was duly recorded. Shaw and Case were the mortgagees. Respondents' title arose as follows: Defendant H. J. Wilson obtained judgment against Haskell in Los Angeles County, and on October 11, 1917, he caused execution to be levied on the property. Sale was had under execution in November, 1917, the purchasers being the respondents Sacks and Arnold. On November 23, 1918, a sheriff's deed issued to said purchasers, who were thereupon let into possession of the property in question. The cause of action upon which the last-named judgment was rendered was based upon fraud perpetrated by Haskell. The present action was brought to determine these conflicting claims. The judgment appealed from is attacked on one ground only. The court found that Haskell's title was derived through "a federal patent and homestead." Appellants challenged this finding, claiming that the evidence is insufficient to sustain the conclusion that the patent issued to Haskell was one secured under the Homestead Act of the United States. They admit that a federal patent was issued to Haskell, their sole contention being that the evidence failed to show that the patent was of a homestead character. The materiality of this finding arises as follows:

[1] At the date that Haskell received his patent, October 9, 1915, both the Seccombe and Wilson judgments against Haskell were docketed. If the patent were not a homestead patent both judgments became a lien on the property simultaneously, and under the law neither had priority, both being of equal rank. (Sec. 671, Code Civ. Proc.; *Hertweck* v. *Fearon,* 180 Cal. 71 [179 Pac. 190].)

[2] If the grant was a homestead patent a different result followed. Lands acquired under the Homestead Act are not liable for debts contracted prior to the issue of a patent therefor. (Sec. 2296, Rev. Stats. (U. S. Comp. Stats., sec. 4551), Public Land Law.) This law is not applicable to debts arising from torts prior to issuance of patent. (*Brun* v. *Mann,* 151 Fed. 145 [80 C. C. A. 513, 12 L. R. A. (N. S.) 154]; *Doran* v. *Kennedy,* 237 U. S. 367 [59 L. Ed. 996, 35 Sup. Ct. Rep. 615]; *Mullen* v. *Simmons,* 234 U. S. 198 [58 L. Ed. 1274, 34 Sup. Ct. Rep. 857, see, also, Rose's U. S. Notes].) [3] Seccombe's judgment was founded on contract, Wilson's judgment upon fraud. It follows that if Haskell's patent was in fact a homestead patent Seccombe acquired no rights in the property by virtue of his judgment, it being founded on contract; but Wilson did, his judgment arising from a fraud. Case and Shaw's mortgage was executed in 1916, the patent issued in 1915. If the patent were not a homestead the lien of the Seccombe and Wilson judgments attached equally at the time of the patent for 1915, and both judgments have precedence over the mortgage, it being executed after the patent. If the patent were a homestead then the lien of Wilson's judgment alone attached at the time patent issued, and it alone would have precedence over the mortgage. The result is that in any event Wilson's judgment, and through him, respondents' title, is superior to the mortgage. The controversy, therefore, narrows down between Seccombe and respondents as follows: 1. The respondents' title is superior to Seccombe's if Haskell's patent is a homestead; 2. Respondents and Seccombe acquired an equal lien on the property if Haskell's patent is not a homestead.

The trial court found the patent to be a homestead. Appellant attacks this finding. Appellant makes no attack whatever upon the law as applied to the facts. His attack is directed solely against the one finding of "homestead."

We are of the opinion that under the stipulation with refer-
ence to the facts there was implied without any question
that the patent was of homestead character. Plaintiff was
justified in relying that the stipulation was to this effect.
It would seem from the discussion of counsel at the time
of the introduction of the patent, that evidence of the same
was in court and was offered, but the court refused to re-
ceive it upon the ground that its existence was stipulated,
and all parties had acquiesced in the conclusion that the
patent was a homestead. At the time of the proposed offer
it was stated by counsel for cross-complainants that the
patent was of a federal homestead, and after briefly stating
the consequences that would follow that character of pat-
ent, so far as it related to the rights of the parties herein,
it was then stipulated that the patent had issued, whereupon
the court remarked: "That the patent was issued on that
day and not issued until then, and there was no patent until
then." And further: "It has already been stipulated that
patent has been issued, and it was issued to Haskell, and
the date of it." And again: "There is no occasion to put
that in evidence. The patent was issued by the United
States to Haskell."

It is by reason of these remarks by the court in referring
to the stipulation that appellant claims there is no evidence
in the record to support the homestead character of the
patent. The objection is highly technical and has no merit.
At the time of the offer as above indicated, it was clearly
stated by counsel making the offer that the patent was of a
homestead character. The reference thereafter by the court
to it generally as a patent in no manner indicated that the
stipulation excluded the idea that the patent was of a
homestead character. All counsel were present, and the
statement that it was a homestead patent was not denied or
challenged by any of the parties interested. The case was
tried and decided on the assumption that this was the fact,
and it was the very object and purpose of the stipulation.
Counsel cannot now change their position before this court.
When a fact is assumed to be true in a trial court it can-
not afterward be contested on appeal. It is suggested by
counsel for respondent that the patent, being a public docu-
ment, and on file in the United States land office at Los
Angeles, that for the purpose of saving time and expense of

a new trial we cause the same to be examined and determine the fact of the character of the patent. Considering the conclusion we have reached this is unnecessary.

The appeal is without substantial merit and the judgment is hereby affirmed.

Richards, J., and Kerrigan, J., concurred.