**In re Mark SCARPINO, Debtor.**

**Bankruptcy No. 95–22558.**

United States Bankruptcy Court,
W.D. New York.

May 23, 1996.

*King (In re King),* 135 B.R. 734 (Bankr.W.D.N.Y.    1992).

Russell W. Roberts, Rochester, New York, for Marine Midland Bank.

Mark K. Broyles, Rochester, New York, for Debtor.

## DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On October 27, 1995, Mark Scarpino (the "Debtor") filed a petition initiating a Chapter 7 case. On his Schedule A he listed his ownership of a residence at 226 Hinkleyville Road, Spencerport, New York ("Hinkleyville Road") as having a fair market value of $86,500.00, based upon a December 29, 1994 purchase, subject to a mortgage in favor of Fleet Mortgage Group, Inc. ("Fleet") with an outstanding balance of approximately $86,-061.60 (the "Fleet Mortgage"). On his Schedule C the Debtor claimed a $10,000.00 exemption in Hinkleyville Road pursuant to Section 5206(a) of the New York State Civil Practice Law and Rules (the "CPLR").[1] On his Schedule F the Debtor listed an unsecured non-priority claim in favor of Marine Midland Bank ("Marine") in the amount of $16,378.56, based upon a December 11, 1990 Judgment (the "Marine Judgment").

On January 4, 1996, the Debtor filed a motion (the "Avoidance Motion") pursuant to Section 522(f)(1)[2] to avoid the lien of the Marine Judgment on Hinkleyville Road.

On January 11, 1996, Marine interposed a Response (the "Marine Response") to the Avoidance Motion. The Marine Response and a series of subsequent letter submissions alleged that: (1) the United States Supreme Court, when it interpreted the language of Section 522(f)(1) in its decision in *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825; 114 L.Ed.2d 337 (1991), held that, "unless the

debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of Section 522(f)(1)," *id.* at 296, 111 S.Ct. at 1829; (2) under New York State law, specifically the decision of the New York Court of Appeals in *Hulbert v. Hulbert*, 216 N.Y. 430, 111 N.E. 70 (1916), the liens of pre-acquisition judgments attach simultaneously with the fee interest of the judgment debtor upon his acquiring title; (3) since under New York State law judgment liens attach to after-acquired real property simultaneously with the acquisition of the property, the Debtor did not have an interest in Hinkleyville Road before the lien of the Marine Judgment attached, and, therefore, under *Farrey v. Sanderfoot*, the Debtor could not avoid the fixing of that lien by the use of Section 522(f)(1); and (4) the Debtor is entitled to an exemption under CPLR Section 5206, and the rights and protections which flow from that exemption, whether or not the lien of the Marine Judgment can be avoided under the Bankruptcy Code.

The attorneys for the Debtor, by a series of letter submissions, took issue with Marine's position and asserted that: (1) the decisions of the New York Courts in *Hulbert v. Hulbert* and later cases, which were relied on by Marine, were made in cases where the courts were asked to determine the priority of the liens of a number of pre-acquisition judgment creditors, not to determine the timing of the acquisition of an interest in real property by a judgment debtor and the attachment of the liens of pre-acquisition judgments; (2) a plain, common sense reading of the *Hulbert* decision is that the liens of the pre-acquisition judgments attach simultaneously with each other, but only after the

---

1. New York State Civil Practice Law and Rules Section 5206(a) provides:

   **Exemption of homestead.** Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof.

2. Section 522(f)(1) provides in pertinent part:

   Notwithstanding any waiver of exemptions, but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   (A) a judicial lien. . . .

judgment debtor acquires an interest in the real property, not that the liens attach simultaneously with the acquisition of an interest; (3) there is a strong exemption policy in New York State, which the Court should consider in making its decision; and (4) the exception set forth in *Farrey v. Sanderfoot* is not applicable and the lien of the Marine Judgment could be avoided under Section 522(f) because the Debtor acquired an interest in Hinkleyville Road and then the lien of the Marine Judgment attached.

## DISCUSSION

The determination of the timing of a judgment debtor's acquisition of an interest in real property and the attachment of the liens of pre-acquisition judgments for a purpose other than establishing priority among multiple pre-acquisition judgment creditors, which requires a careful interpretation of the decision of the New York State Court of Appeals in *Hulbert v. Hulbert,* appears to be a matter of first impression.

■ I believe that the determination of this timing issue must be made by looking only to New York State law, not Federal law. Once once the timing of the attachment of the judgment lien has been determined under New York State law, the decision of the United States Supreme Court in *Farrey v. Sanderfoot* will determine whether the lien can be avoided pursuant to Section 522(f)(1) if all of the requirements of that subsection have been met.

■ Furthermore, I agree with the position of Marine that whether the lien of the Marine Judgment attached simultaneously with the acquisition of Hinkleyville Road or instantaneously thereafter, the Debtor is nevertheless entitled to a homestead exemption under CPLR Section 5206. As a result, if the lien of the Marine Judgment is not avoided, the Debtor will have the rights and protections afforded to a judgment debtor

who is entitled to such an exemption, as those rights and protections relate to the enforcement of any judgment lien, including the lien of the Marine Judgment. Furthermore, whether or not the Debtor will be able to avoid the lien of the Marine Judgment under Section 522(f)(1), should not be considered by this Court when it interprets New York State law including the decision of the New York State Court of Appeals in *Hulbert v. Hulbert,* a case which was decided before the enactment of Section 522(f).

■ In *Hulbert v. Hulbert,* the New York State Court of Appeals was faced with the issue of whether the liens of pre-acquisition judgments attached to after-acquired property of a judgment debtor in the order of the priority in which they were originally docketed, or otherwise. The Court of Appeals discussed in detail the underlying policy of the predecessor statutes to CPLR Section 5203(a) [3] which deals with the fixing of judgment liens on real property, explaining that it was enacted in part to avoid the costly and time-consuming procedure of requiring judgment creditors to execute against real property in New York, a title state, as they are required to do to obtain a lien on personal property. By the enactment of CPLR Section 5203(a) and its predecessors, the New York State legislature eliminated the need for costly and time-consuming execution procedures to obtain a lien against a judgment debtor's real estate, providing that a judgment, when docketed in the appropriate county clerk's office, automatically becomes a lien on the judgment debtor's real property in that county. Building upon this policy of avoiding the need for execution, and following its prior decision in *In re Hazard's Estate,* 25 N.Y.S. 928 (Sup.Ct. 1st Dept.1893), *aff'd on opinion below,* 141 N.Y. 586, 36 N.E. 739 (1894), the Court of Appeals in *Hulbert* determined that the liens of properly docketed pre-acquisition judgments became liens on after-acquired real property of the judgment

---

**3.** CPLR Section 5203(a) provides in pertinent part:

**Priority and lien on docketing judgment.** No transfer of an interest of the judgment debtor in real property, against which property a money judgment may be enforced, is effective against the judgment creditor either from the time of the docketing of the judgment with the clerk of the county in which the property is located until ten years after the filing of the judgment-roll, or from the time of the filing with such clerk of a notice of levy pursuant to an execution until the execution is returned. . . .

debtor in that county simultaneously with each other. Therefore, the original order of the docketing of the judgments was irrelevant. There was no discussion in *Hulbert* of the rights or priorities of such judgment creditors as they related to other parties which might have an interest in the judgment debtor's after-acquired real estate. Such a discussion might support an interpretation of the language in *Hulbert v. Hulbert* that it is the acquisition and the attachment of the judgment liens that is simultaneous, rather than that it is the attachment of the liens of all prior judgments that is simultaneous. Furthermore, the decision of the Supreme Court, First Department in *In re Hazard's Estate,* affirmed by the Court of Appeals, when discussing judgment liens attaching, stated:

> But it cannot at once bind and be a charge upon what he does not own, and the binding and charging can only take place when the debtor acquires the property, and then the binding and charging of all the judgments must occur simultaneously, because it is the one act of acquisition which then enables the judgments to bind and charge, and not the several acts of filing the judgment rolls and docketing the judgments.

25 N.Y.S. at 930. The Supreme Court further stated, "but until title is acquired, it seems to be clear that no lien can attach." *Id.* at 931.

Absent the ambiguous language in *Hulbert v. Hulbert,* logic and common sense would dictate that an interest would first have to be acquired before any other right, title or interest could be acquired in it or attach to it, including the attachment of a lien of a prior judgment. This analysis is supported by the statements of the Supreme Court, First Department, which was adopted by the New York Court of Appeals in *In re Hazard's Estate,* as set forth above.

 This Court holds that the lien of pre-acquisition judgments, properly docketed in the county in which the judgment debtor thereafter acquires real property, do not attach simultaneously with the judgment debtor's acquisition of an interest in the real property in that county, but attach thereafter.[4] Therefore, the Debtor in this case acquired Hinkleyville Road before the lien of the Marine Judgment attached, and the exception of *Farrey v. Sanderfoot* does not apply, so that Section 522(f)(1), which has otherwise been complied with, permits the Debtor to avoid the fixing of the Marine Judgment lien on Hinkleyville Road.

## CONCLUSION

The motion of the Debtor to avoid the lien of the Marine Judgment pursuant to Section 522(f)(1) is in all respects granted.

**IT IS SO ORDERED.**

---

**4.** A review of New York State law indicates that the rights and priorities of a judgment lien creditor in the real property of a judgment debtor, whether the judgment debtor owned the real property prior to or subsequent to the docketing of the judgment, as such rights and priorities relate to the interests of other entities in the judgment debtor's real property, are provided for in numerous statutes, such as CPLR Section 5203, and specific case law. This Court was unable to find any instance under New York State law where the rights or priorities of a judgment lien creditor, as they relate to the interests of other entities, would be negatively affected by this Court's decision that the judgment debtor's ownership of after-acquired property precedes the attachment of the lien of a docketed pre-acquisition judgment. As previously stated, whether a judgment debtor may have greater rights under the Bankruptcy Code as the result of the decision is irrelevant to the determination made solely under New York State law.