# DORAN v. KENNEDY.

## ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 224.   Argued April 16, 1915.—Decided April 26, 1915.

Where the homesteader has made final proof before his death and become entitled to the patent, his heirs under § 2448, Rev. Stat., take as such heirs and not directly under § 2291, Rev. Stat., and as its beneficiaries.

The provision in Rev. Stat., § 2296, that no land acquired under the Homestead Law shall be liable for debts contracted prior to the issuing of the patent does not deprive the probate court of jurisdiction over land of which decedent was entitled to have the patent issued, he having made final proof before death.

The probate court has jurisdiction to order a sale in compliance with the law of the State of the property within a homestead entry on which the homesteader had made final proof and become entitled to patent before his decease.

If the probate court having jurisdiction to order a sale, erred in regard to application of the proceeds, the remedy is by appeal, the judgment cannot be collaterally attacked.

The fact that a party is entitled to a day in court does not entitle him to two days in court.

THE facts, which involve the construction of Rev. Stat., § 2296, and the jurisdiction of the state probate court over the homestead entry of a deceased homesteader dying after full payment and before patent has issued, are stated in the opinion.

*Mr. John E. Samuelson*, with whom *Mr. Wm. E. Culkin* was on the brief, for plaintiff in error:

The probate court had no jurisdiction over the land.

The land involved in this case was not the homesteader's property; the homesteader had no title in fact and none passed by the so-called deed of the administrator.   The

facts were matters of public record and the defendants were bound thereby,

The decree of the probate court being void is subject to collateral attack. The probate court had no jurisdiction to issue letters of administration.

These are not mere irregularities. The court's action in the attempted appointment of the administrator and the attempted sale of the property of the heirs was in excess of its jurisdiction, therefore null and void.

As the property could not be sold to pay debts incurred prior to patent, it could not be sold for expenses of administration incurred in attempting to enforce such debt.

Even though the homesteader had such property rights in the land involved that it vested in his heirs, by descent, the same was exempt from sale under both state and Federal laws for debts incurred by him prior to patent.

*Mr. F. J. McPartlin,* with whom *Mr. Marshall A. Spooner* was on the brief, for defendant in error:

The probate court had full jurisdiction over the land embraced in the homestead entry.

The words of the statute explain themselves.

Plaintiff in error confuses § 2291, Rev. Stat., with § 2448, Rev. Stat., and the former is not in point.

The equitable title to this land passed to the homesteader as soon as he had complied with the terms of his contract of purchase by offering final proof and payment.

The equitable title having vested in the homesteader prior to his death, and patent having confirmed it in his estate subsequent to his death, the probate court had jurisdiction which might be invoked by the application of any person claiming an interest in the estate or otherwise as disclosed by the record.

Plaintiff in error waived her rights of exemption under § 2296, Rev. Stat., by acquiescence or failure to appeal.

The question of waiver is not a Federal question and the decision of the state court on that point must stand as conclusive, there being no question of the right of plaintiff in error to waive her statutory exemption under § 2296, Rev. Stat.

MR. JUSTICE McKENNA delivered the opinion of the court.

Suit to quiet title to certain described lands brought by plaintiff in error against defendants in error. The parties were respectively plaintiff and defendants in the state courts and we shall so designate them.

The facts are as follows:

On November 12, 1904, Edward O. Norton made a homestead entry under the laws of the United States of the land in controversy. On April 10, 1906, he duly made final proof upon his entry. September 6, 1906, he died, leaving the plaintiff and four others as next of kin and sole heirs at law.

The final receipt of the Receiver of the United States Land Office was issued to and in the name of Norton on March 17, 1908, and on the eighth of September following a patent was issued in his name.

After the death of Norton the other heirs conveyed their respective rights, title and interest to plaintiff.

On March 2, 1909, letters of administration upon the estate of Norton were issued out of the probate court of Koochiching County, Minnesota, to the defendant John A. Kennedy, and on February 11, 1910, an order of license to sell the real estate here involved for an alleged indebtedness incurred and contracted by Norton prior to his death, and for the expense of the administration, was by the court issued to John A. Kennedy as administrator.

On April 16, 1910, Kennedy, as such administrator and by virtue of the order of license, made a public sale of the

land for the consideration of $650 to the defendant George N. Millard, and on the twenty-ninth of that month the court made an order confirming the sale.

On May 2, 1910, Millard conveyed the property to the defendant Paul Kennedy.

From the facts found as above the trial court concluded that plaintiff was the owner in fee simple of the land and that the defendants had no estate or interest in it, resting the conclusion upon the fact that the indebtedness for which it was sold was contracted by Norton before the patent was issued; that under § 2296 of the Revised Statutes the land was protected from liability for "the satisfaction of any debt contracted prior to the issue of the patent therefor," and that, therefore, the order of sale exceeded the jurisdiction of the probate court and was void.

Upon the appeal of the defendants the Supreme Court of the State reversed the judgment. The latter court decided (1) that Norton was the equitable owner of the land at the time of his death and that it descended according to the laws of the State and was part of Norton's estate to be administered. (2) The probate court having jurisdiction, its order of sale could not be attacked in a collateral proceeding such as, the court said, the proceeding at bar was, and that it was unnecessary to determine whether the land was exempt from liability under § 2296 of the Revised Statutes. A member of the court dissented from the decision of the majority that the land was a part of the estate of Norton when it was sold.

To review the judgment of the Supreme Court this writ of error is prosecuted.

Plaintiff contends: (1) That the probate court had no jurisdiction, the land being no part of Norton's estate. (2) Even if part of his estate it was not subject to sale for the payment of debts contracted before the patent was issued.

As an element in the first contention of plaintiff is the extent of the estate, if any, Norton had in the land. None whatever, is the assertion of plaintiff, and she adduces §§ 2289, 2290 and 2291 of the Revised Statutes.

The first two sections provide who shall be entitled to enter land as a homestead and upon what conditions. The last section provides when a certificate shall be given or patent shall issue and to whom upon certain contingencies. It shall not be issued until the expiration of five years after entry and may be at any time within two years thereafter, to "the person making such entry." If, however, he be dead then to his widow or, in case of her death, to his heirs or devisee, upon proving the necessary settlement and qualification for the time prescribed.

This section, it is contended, made the heirs of Norton (there being no widow) the direct beneficiaries of the statute—that is, the plaintiff and her grantors. In other words, they took directly under the statute, not from Norton; and such, it is further contended, is the effect of the decisions of this court, citing *McCune* v. *Essig*, 199 U. S. 382; *Wadkins* v. *Producers' Oil Company*, 227 U. S. 368.

But it will be observed the cited section provides for cases where the homesteader dies before final proof, other sections applying when such proof has been made and nothing is yet to be performed to entitle to a patent.

By § 2448 it is provided that "where patents for public lands have been or may be issued, in pursuance of any law of the United States, to a person who had died, or who hereafter dies, before the date of such patent, the title to the land designated therein shall inure to and become vested in the heirs, devisees or assignees of such deceased patentee as if the patent had issued to the deceased person during life."

Such are the circumstances in the present case. Norton had made his final proof before his death and had become entitled to the patent. Plaintiff and her grantors, there-

fore, could only receive the land as his heirs and not directly under § 2291 and as its beneficiaries.

Upon such proof Norton certainly became the equitable owner of the land. Indeed, it practically became his absolute property, subject to his disposition by assignment or by will or to the disposition of the law (*United States* v. *Detroit Lumber Co.*, 200 U. S. 321, 328), and subject, therefore, upon his death, to the probate jurisdiction of the State.

But, it is contended that even if he became such owner, the land was not subject to sale for the satisfaction of debts contracted before the patent was issued. The debt for which it was sold was so contracted.

Section 2296 provides that "no land acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The prohibition is clear and direct, but does it involve the consequences plaintiff asserts? Her contention is that it took from the probate court all jurisdiction or power over the land and that its order of sale was absolutely void and can be collaterally attacked. The Supreme Court of the State decided otherwise, as we have seen. It rejected all of the contentions of plaintiff against the jurisdiction of the court based on the laws of the State, and so far its decision is binding here. It said that there was no pretense at either pleading or proof that Norton left no other property or that such was the fact. It decided that the probate court had jurisdiction over Norton's estate. "That court," it was said, "had the unquestioned power to authorize a sale of it to pay certain classes of obligations. It might be sold to pay liabilities arising out of torts of deceased, 32 Cyc. 1084; *Brun* v. *Mann*, 131 Fed. Rep. 145. Had the patent issued when it should have issued it might have been sold to pay debts incurred thereafter and before the death of the deceased. Whether there were

facts to warrant a sale in any given case was a question which the probate court was obliged to determine and which that court and no other had jurisdiction to determine. This question was considered by the probate court and was determined adversely to plaintiff. Then was the time for the plaintiff to present her contention in court. No fraud or artifice was practiced to prevent her doing so. In fact, in her brief she claims that she did in fact appear. If the determination of the probate court was wrong, her remedy was to appeal from that determination. The heirs were entitled to one day in court but not to two. When a probate court with jurisdiction over property for purposes of administration, and for purposes of sale in certain cases, orders and confirms a sale of the same, it is the right and duty of an heir to litigate the propriety of such orders in that proceeding. The heir cannot sit by, permit the sale to be made, and then bring another and collateral action in another court to litigate again the propriety of the sale, and to procure a decree declaring it to be void. Such a practice would place no end to litigation."

The court further decided that certain sections of the Revised Laws of the State accorded to the orders of the probate court in the matter of administrators' sales the same presumption as to the judgments of courts of superior common law jurisdiction.

It would be difficult to add anything to the reasoning of the court, and it is in accord with the rulings in other States. *Watkins Land Mortgage Co.* v. *Mullen,* 62 Kansas, 1; *Gjerstadengen* v. *Van Duzen,* 7 N. Dak. 612. See also *Sigmond* v. *Bebber,* 104 Iowa, 431, and § 319b, Freeman on Judgments, 4th ed., and cases cited.

*Judgment affirmed.*