## PARMETER v. BUTLER et al.

(Circuit Court of Appeals, Eighth Circuit. November 29, 1915.)

No. 146.

PUBLIC LANDS ⚷35—HOMESTEAD ENTRIES—DEATH OF ENTRYMAN BEFORE ISSUANCE OF PATENT.

Rev. St. § 2291 (Comp. St. 1913, § 4532) provides, relative to homestead entries, that no certificate shall be given or patent issued until the expiration of five years from the date of the entry, and that if at the expiration of such time, or within two years thereafter, the person making the entry, or his widow, heirs, or devisee, or, in case of a widow making such entry, her heirs or devisee, proves by two credible witnesses that he, she, or they have resided upon or cultivated the land for the five years immediately preceding, etc., such person or persons, if citizens of the United States, shall be entitled to a patent. Section 2448 (Comp. St. 1913, § 5098) provides that, where patents for public lands are issued to a person who dies before the date of the patent, the title shall inure to and become vested in

⚷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the heirs, devisees, or assignees of such deceased patentee, as if the patent had issued to the deceased person during life. *Held*, that where, after final proof and the issuance of the final certificate, the homesteader died, and the patent was issued to her husband, he took as heir of his wife, and not directly as a purchaser from the government.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 72-77; Dec. Dig. ⚷35.]

Petition to Revise Order of the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

In the matter of William J. Parmeter, bankrupt. On petition of Roy Butler, trustee, and others, an order of the referee was set aside by the District Court (In re Parmeter's Estate, 211 Fed. 757), and the bankrupt files a petition to revise. Petition dismissed.

Barton N. Grant, of St. Louis, Mo. (T. F. Murtha, of Dickinson, N. D., on the brief), for petitioner.

F. C. Heffron, of Dickinson, N. D., for respondents.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

SMITH, Circuit Judge. On June 5, 1907, Vina Rasmussen filed upon the S. ½ of the N. ½ of section 20, township 140, range 96, in North Dakota, as a homestead. She thereafter married William J. Parmeter, and the couple went to living upon the land. Subsequently she made final commutation proof under the homestead law, and the final certificate was issued to her by the officers of the Land Department on December 14, 1912. In March, 1913, she died leaving William J. Parmeter as her sole heir. June 5, 1913, the United States issued a patent for the land to Vina Parmeter. June 26, 1913, William J. Parmeter filed a voluntary petition in bankruptcy, and on the same day was adjudged a bankrupt. His debts had all been contracted prior to the issuance of the patent of the land in question. January 24, 1914, upon request of the bankrupt, made in his bankruptcy petition, the referee directed that the land described be set off to the bankrupt as exempt. Upon petition of Roy Butler, who was the trustee of the bankrupt estate, to review and revise this order, it was set aside by the District Court of North Dakota, and the bankrupt filed in this court a petition to revise that order of the District Court.

The following sections of the United States Revised Statutes appear to have some application:

"Sec. 2291. No certificate, however, shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow; or in case of her death, his heirs or devisee; or in case of a widow making such entry, her heirs or devisee, in case of her death, proves by two credible witnesses that he, she, or they have resided upon *or cultivated* the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, except as provided in section twenty-two hundred and eighty-eight, and that he, she, or they will bear true allegiance to the government of the United States; then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent, as in other cases provided by law." Comp. St. 1913, § 4532.

"Sec. 2296. No lands required under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." Comp. St. 1913, § 4551.

"Sec. 2448. Where patents for public lands have been or may be issued, in pursuance of any law of the United States, to a person who had died, or who hereafter dies, before the date of such patent, the title to the land designated therein shall inure to and become vested in the heirs, devisees, or assignees of such deceased patentee *as if the patent had issued to the deceased person during life*." Comp. St. 1913, § 5098.

It may be said in passing that section 2291 has especial reference to cases where the entryman dies before final proof, while section 2448 refers primarily to cases where the entryman dies after final proof. In his argument petitioner says:

"Our contention never was, and is not now, that the exemption runs with the land to the patentee's heirs and assigns. Though the statute, literally interpreted, is sufficiently broad to cover the heirs and assigns, we do not contend for such a construction. Our contention is that the bankrupt is the patentee; that it was to him that patent issued; that he took the land as a purchaser direct from the government, and not by descent through Vina Rasmussen."

And again:

"The opinion of Judge Amidon and the law which he cites in support of it is unquestioned, if the bankrupt took by descent. If, however, the bankrupt took as a purchaser from the government, and not through Vina Rasmussen, then the opinion is of no value to us."

This seems to narrow the contention, and fortunately for us, since the submission of this case, the Supreme Court has passed upon the very point thus raised. In Doran v. Kennedy, 237 U. S. 362, 35 Sup. Ct. 615, 59 L. Ed. 996, it was expressly held that when a homesteader has made final proof before his death, and becomes entitled to a patent, his heirs, under section 2448, Revised Statutes, take as such heirs, and not directly under section 2291, Revised Statutes, or as its beneficiaries. Of course there would still be a question which could have have been raised under section 2296, but it does not seem to be before us.

The petition to revise must be dismissed, at the cost of the petitioner.